IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  | |
| : | |
| **Plaintiff,**  : | Case No. 2:22-cr-157(9) |
| : | |
| v.  : | Judge Algenon L. Marbley |
| : | |
| LINDA HOULE,  : | |
| : | |
| **Defendant.**  : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Linda Houle's *pro se* Motion for early Termination of Supervised Release. (ECF No. 369). The Government has conferred with the U.S. Probation Office and does not oppose her request. The Motion is **GRANTED**.

On January 25, 2023, Defendant Linda Houle pleaded guilty to conspiracy to possess with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (ECF Nos. 143; 33). On June 21, 2023, this Court sentenced her to time served, along with three years' supervised release, and assessed $100.00 in monetary penalties. (ECF No. 248 at 2–3, 6). Houle was ordered to submit to DNA collection and participate in, as directed by probation, programs for: mental health assessment and counseling, alcohol and controlled substance abuse, educational services, and vocational services. (*Id.* at 3, 5).

On January 23, 2026, Houle moved for the early termination of her supervised release. She noted that she has complied with all the requirements of her supervised release: she paid the $100.00 assessment, had her DNA collected, and "successfully completed inpatient/outpatient treatment along with mental health counseling." She has worked for Another Chance Ministries and the Cardinal Recovery Center, obtained her high school diploma, passed all her drug tests, and has been

an active member of Narcotics Anonymous, Alcoholics Anonymous, and her church. (ECF No. 369 at 1). The Government and probation do not oppose Houle's request for early termination of her supervised release, which would otherwise end in four months.

A court may order early termination of the period of supervised release when the defendant has served one full year of supervised release. *United States v. Emmert*, 2025 WL 3165226, at *2 (S.D. Ohio Nov. 13, 2025) (Marbley, J.). Courts enjoy discretion in considering whether early termination is warranted by the defendant's conduct *and* is in the interest of justice. *United States v. Hale*, 127 F.4th 638, 640 (6th Cir. 2025). Courts must consider the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e); *see United States v. Morgan*, 2026 WL 249619, at *1 (6th Cir. Jan. 27, 2026). These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence in criminal conduct; (3) the need to protect the public from the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment; (5) the sentencing range provided for by the guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid sentence disparities; and (8) the need to provide restitution to any victim. 18 U.S.C. § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7).

After carefully considering the statutory requirements, this Court determines that the first, second, third, and fourth factors are most relevant to its determination.[1] Taken together, these four

---

[1] The sentencing and restitution factors are inapplicable here. No argument is made about the term of Houle's sentence; this Court also observes that there was no mandatory minimum sentence. (*See* ECF No. 249 at 2). Additionally, there is "no identifiable victim" needing restitution. (ECF No. 219 at 24). *Cf. United States v. Tavarez*, 141 F.4th 750, 757 (6th Cir. 2025) ("[T]he district court need not 'articulate its analysis of each sentencing factor as long as the record demonstrates that the court considered the relevant factors.'") (citation omitted); *United States v. Suber*, 75 F. App'x 442,

factors overall favor early termination. First, the nature and circumstances of Houle's offense, combined with her characteristics, appear to be neutral. Houle's offense is serious: she pleaded guilty to conspiring to possess fentanyl with the intent to distribute it. The seriousness of her offense aside, Houle's other history and characteristics in the past two and a half years of her supervised release show that she has been a law-abiding member of society. (ECF No. 369 at 1); *cf. Emmert*, 2025 WL 3165226, at *2. Second, Houle's sentence has provided adequate deterrence: she has served the majority of her term of supervised release and has only a few months left. Third, Houle clearly appears to be a low risk to the public. Although her crime was serious, she has complied admirably with all the terms of her supervised release. *Cf. United States v. Anderson*, 2025 WL 3214346, at *2 (S.D. Ohio Nov. 18, 2025) (Marbley, J.). Fourth, she has thus far made productive use of her supervised release term to finish her high school diploma, obtain gainful employment, and treat her drug, alcohol, and mental health issues. (ECF No. 369 at 1).

In sum, three factors weigh in favor of early termination, one is neutral, and the remainder do not apply. Next, in considering Houle's conduct and the interest of justice, this Court concludes that both favor an early termination. This Court has granted early termination of supervised release to similar or worse offenders than Houle, who were sentenced to actual prison time. *E.g.*, *Anderson*, 2025 WL 3214346, at *2–3. Moreover, Houle is drug-free, gainfully employed, and apparently has left a favorable impression with her probation officers. This Court concludes that Houle has the capability she needs to be "successful without supervision." *United States v. Baskette*, 2022 WL 1698927, at *2 (W.D. Ky. May 26, 2022). Houle has complied with her supervision terms, achieved educational and employment milestones, and made great progress in her recovery. Her conduct, the

---

444 (6th Cir. 2003) (affirming district court's denial of early termination motion based on consideration of only two factors).

relevant section 3553(a) factors, and the interests of justice all warrant early termination of her supervised release.

This Court commends Ms. Houle for the progress that she has made and wishes her well. For these reasons and for good cause shown, her motion for early termination of supervised release is **GRANTED** and the United States Probation Office for the Southern District of Ohio is **ORDERED** to **TERMINATE** the supervised release of Linda Houle.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED:  February 4, 2026**